IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| THOMAS E. CUPPLES, JR.,<br>ADC 500380 | *<br>*<br>* | |
| Plaintiff | *<br>* | |
| v. | *<br>* | Case No. 3:05CV00254 JMM/JFF |
| MICKEY THORTON, *et al.*, | *<br>*<br>* | |
| Defendants | * | |

## PROPOSED RECOMMENDED DISPOSITION

**I**.  **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James Maxwell Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

     1.     Why the record made before the Magistrate Judge is inadequate.

     2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

     3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

     Clerk, United States District Court
     Eastern District of Arkansas
     600 West Capitol Avenue, Suite 402
     Little Rock, AR 72201-3325

## II.    PROPOSED RECOMMENDED DISPOSITION

### A.    Delay in Medical Care

At the time of the complained-of events, Plaintiff was a pretrial detainee. Accordingly, the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment, governs his inadequate medical care claim. However, in the absence of a clearly established Fourteenth Amendment standard, the Eighth Circuit has consistently applied the Eighth Amendment's deliberate indifference standard, which ordinarily applies to convicted prisoners. *Davis v. Hall,* 192 F.2d 151, 153 (8th Cir. 1993).

Plaintiff alleges that he turned in three requests to see the nurse between May 31, 2005

and June 8, 2005, but was not seen until June 13, 2005.  Plaintiff does not allege that he had a serious medical need, that any particular Defendant intentionally delayed his ability to obtain medical care nor does assert that his prognosis was adversely affected by twelve day time period it took for him to see the nurse.  *Farmer v. Brennan*, 511 U.S. 825 (1994), *Coleman v. Rahja*, 114 F.3d 778, 784 (8th Cir. 1997) and *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997) and *Beyerback v. Sears*, 49 F.3d 1324 (8th Cir. 1995) (overruled on alternate grounds).  Accordingly, it is recommended that the Court find Plaintiff's Eighth Amendment delay in medical care claim be dismissed.

### B. General Conditions of Confinement

Plaintiff has made various allegations related to the conditions of his confinement. Plaintiff was arrested on May 11, 2005 and placed in the "EM Pod." He states that:

(1)  during the first two days he had no mat,
(2)  it took 11 days to get a towel,
(3)  the sewer pipes leaked in the day room.  Several jailors submitted maintenance requests for the sewer leaks, but no action was taken,
(4)  laundry was done once a week.,
(5) there were occasions when no officer was present in the Pod and
(6) the Pod had no intercom system.

To prevail on a conditions-of-confinement claim under the deliberate indifference standard, a plaintiff must prove that:  (1) objectively, his deprivation was sufficiently serious as to pose a substantial risk of serious harm to his health or safety; and (2) the defendants were deliberately indifferent to the risk of harm posed by the deprivations.  *Smith v. Copeland*, 87 F.3d 265, 267-68 (8th Cir. 1996). First, the undersigned does not believe that the asserted conditions rise to an objectively serious deprivation.  Second, Plaintiff does not allege that he suffered any injury or adverse health consequences as a result of these conditions of

confinement. *See Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir.1994). The Eighth Circuit has held that conditions similar to and worse than those alleged by Plaintiff did not violate the Eighth Amendment. *See Phillips v. Norris*, 320 F.3d 844 (8th Cir. 2003) (thirty-seven days without exercise does not violate Eighth Amendment); *Smith v. Copeland*, 87 F.3d 265, 269 (8th Cir. 1996) (no Eighth Amendment or Due Process Clause violation when plaintiff, a pretrial detainee, was subjected to raw sewage for four days); *O'Leary v. Iowa State Men's Reformatory*, 79 F.3d 82, 83-84 (8th Cir. 1996) (several days without underwear, blankets, mattress, exercise and visits not in violation of Eighth Amendment); *Williams v. Delo*, 49 F.3d 442, 444 (8th Cir. 1995) (four days without clothes, mattress, water, bedding, mail, and hygienic supplies not in violation of Eighth Amendment); *White v. Nix,* 7 F.3d 120, 121 (8th Cir. 1993) (eleven days in an unsanitary cell did not amount to an Eighth Amendment violation because of the short period of exposure).

      **C.**     **Overcrowding**

Because Plaintiff was a pretrial detainee, his conditions-of-confinement claim based on overcrowding is governed by the Fourteenth Amendment's Due Process Clause. In the absence of a clearly established Fourteenth Amendment standard, the Eighth Circuit has consistently applied the Eighth Amendment's deliberate indifference standard set forth above to determine whether pretrial detainees have been subjected to unconstitutional conditions of confinement. *Hott v. Hennepin County*, 260 F.3d 901, 905 (8th Cir. 2001) (applying deliberate indifference standard to claim that jail officials failed to prevent pretrial detainee's suicide); *Smith v. Copeland*, 87 F.3d 265, 268-69 (8th Cir.1996) (holding that pretrial detainee must show officers were deliberately indifferent to unsanitary conditions of confinement); *Whitnack v. Douglas*

*County*, 16 F.3d 954, 957 (8th Cir. 1994) (applying a deliberate indifference standard to pretrial detainee's conditions of confinement claim). Furthermore, under 42 U.S.C. § 1997e(e), prisoners may not bring claims for mental or emotional injury without a showing of physical injury.

Plaintiff alleges that the "EM Pod" held 52 beds, but that cell #119 did not have a working toilet, which left 50 available beds. From June 2, 2005 until June 4, 2005, Plaintiff alleges that 55 inmates were held in the pod and that on June 5, 2005, 57 were held in the pod. The situation that Plaintiff endured for only four days, while highly inappropriate does not constitute conditions that posed a substantial risk of serious harm to his health or safety. Moreover, Plaintiff has not alleged that the brief periods of overcrowding led to deprivations of essentials such as food or medical care or created other conditions intolerable for prison confinement. *Cody v. Hillard*, 830 F.2d 912, 914 (8th Cir.1987).

Finally, Plaintiff has failed to state a cognizable claim for relief against Defendants. Prison officials and supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). Plaintiff has not alleged that any of the named Defendants participated in the decision to place extra inmates in the pod or were aware of the overcrowding during these brief periods.

### D.   Yard Call

Plaintiff alleges that the Jail Administrator, Thorton, placed everyone on 23 hour lock-down with one hour a day to use the shower and phones. The lock-down began without reason on July 18, 2005 and was continuing when Plaintiff left the prison on September 15, 2005. During this time period, no yard call was given nor were inmates allowed to watch television.

To prevail on a claim alleging deprivation of adequate exercise, plaintiffs must show that the prison officials were deliberately indifferent to their exercise needs. *Wilson v. Seiter*, 501 U.S. 294 (1991), *Wishon v. Gammon*, 978 F.2d 446, 448-49 (8th Cir.1992) (45 minutes of out-of-cell activity per week constitutional for inmates in protective custody), *Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir. 1986) (fifteen day period of no out-of-cell exercise not cruel and unusual punishment). A "lack of exercise may be a constitutional violation if one's muscles are allowed to atrophy or if an inmate's health is threatened." *Wishon,* 978 F.2d at 448; *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir. 2002) (although inmate in segregation was not allowed to go outside to exercise for three months, he was permitted to use a dayroom with exercise equipment for three hours each week during this time). Plaintiff's allegation is that he was denied the opportunity for <u>outside</u> exercise for a sixty day period, but does allege that he suffered any adverse consequences as a result. In addition, the allegation that he was not allowed to watch television does not support a constitutional claim. *Rahman X v. Morgan*, 300 F.3d 970, 974 (8th Cir.2002) (television not civilized necessity of life).

       **E.**     **Inmate Trust Account**

Plaintiff alleges that Defendant Bo Stevans was given $40.00 to be placed on Plaintiff's inmate account, but his accounted was never credited. He also asserts that he advised Ms. Bagley and Bonner that he was charged for several items from the commissary that he did not receive. In *Parratt v. Taylor*, 451 U.S. 527 (1981), the Supreme Court recognized that when the random, unauthorized conduct of state employees deprive individuals of property, no means exist to provide a meaningful hearing before the deprivation. *Id*. at 541. Accordingly, the Court held that § 1983 provides no relief for property deprivations caused by such conduct when state

law affords those deprived of property adequate post-deprivation remedies. *Id*. at 543-44. In *Hudson v. Palmer*, 468 U.S. 517 (1984), the Court extended its holding in *Parratt* to cover the unauthorized, intentional deprivations of property. Finally, in *Daniels v. Williams*, 474 U.S. 327 (1986), the Court held that § 1983 addresses intentional due process violations only, which limited the holding in *Parratt* to the extent that it implied that the negligent acts of state employees could support a procedural due process claim.

In the present case, Plaintiff claims that Stevans mishandled the money that was intended for the Plaintiff and that money was improperly deducted from his account for items he did not receive should fail. Under *Parratt v. Taylor* and its progeny, Plaintiff cannot assert a § 1983 claim based on the unauthorized confiscation of his property because he has an adequate post-deprivation remedy. *Reese v. Kennedy*, 865 F.2d 186, 187 (8th Cir.1989) (state tort remedies preclude § 1983 claim for deprivation of property) and *Steffen v. Housewright*, 665 F.2d 245, 247 (8th Cir. 1981) (holding that even though prison officials deprived prisoner of his property without following prison regulations, he could not establish a procedural due process violation because the Arkansas State Claims Commission provided him an adequate post-deprivation remedy).

IT IS THEREFORE RECOMMENDED THAT Plaintiff's action be dismissed with prejudice and that the dismissal count as a "strike" pursuant to 42 U.S.C. Section 1915(g).

DATED this 1st day of May, 2006.

_____
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT